**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANTE BOWENS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>RICK HILL,<br><br>　　　　　Respondent. | No.  2:18-CV-3213-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Respondent's unopposed motion to dismiss, ECF No. 21.

## I. BACKGROUND

This action proceeds on the first amended petition filed on May 31, 2020.  See ECF No. 17.  Petitioner states that, on August 10, 2012, he was convicted of rape, sodomy, and oral copulation.  See id. at 2.  In the first amended petition, Petitioner claims: "I need a copy of the rape kit test results performed on my person."  Id.  Petitioner adds:

> I was violated my due process rights 5, 14 under the Constitution.  The rape kit test that I was subject to I never received a copy of it, and neither my trial attorney or appellate attorney nor the District Attorney will provide me with a copy.  I wish to have this information on my person to continue to fight my case in the higher courts.  This is the reason for this

1

petition.

ECF No. 17, pg. 3.

According to Petitioner:

> I was convicted off of the alleged victim's mere word without any evidence to corroborate her claims of a violent sexual assault. Furthermore, I was never afforded the rape kit results from the rape kit test that was performed on me January 30, 2011.
>
> I am filing this petition for a copy of the rape kit test results I was subjected to on January 30, 2011.

Id.

Attached to Petitioner's first amended petition is a January 24, 2020, order issued by the Sacramento County Superior Court in Petitioner's underlying criminal case, no. 11F00867. The order states as follows:

> Defendant Dante Gary Bowen has filed a request for appointment of counsel to prepare and file a motion for DNA testing pursuant to Penal Code section (footnote omitted) 1405, subdivision (b).
> Defendant has made the showing required by section 1405, subdivision (b) to obtain appointment of counsel to investigate and, if appropriate, to file a motion for DNA testing. Under normal circumstances, this court would be required to appoint him counsel (*In re Kinnamon* (2005) 133 Cal.App.4th 316, 321).
> However, Legislatively imposed budget restrictions have effectively suspended the appointment of counsel until funding is restored. In October 2009, this court received a letter from the Sacrament County Executive Terry Schutten, advising the court that the County will no longer be providing representation to inmates under section 1405. The County's decision was based on notification from the Department of Finance, under Government Code section 17851, that the "mandate for Post Conviction DNA Court Proceedings (Ch. 943, Stats. 2001) (00-TC-21, 01-TC-08) has been suspended for the fiscal year 2009-2010." As part of the 2009-2010 Budget Acct, the Legislature suspended a long list of mandates pursuant to the authority granted in Government Code section 17581. Included in the list of suspended mandates was "Post Conviction: DNA Court Proceedings." Funding has remained suspended since, including in the Budget Act of 2019.
> Although the County's obligation to pay for counsel to investigate and, if appropriate, to file a motion for DNA testing, has been suspended, the Legislature has not suspended the defendant's right to appointment of counsel under section 1405. This presents a dilemma for the court.
> In an effort to resolve this dilemma, it is HEREBY ORDERED that defendant's request for appointment of counsel is GRANTED, to investigate and, if appropriate, file a motion for DNA testing and represent defendant solely for this purpose, pursuant to section 1405. It is ORDERED that defendant is to be represented by an attorney on the panel of the Conflict Criminal Defenders when funding of section 1405 counsel is restored by the Legislature, and that the Conflict Criminal Defenders at

2

> that time select an attorney from the panel to serve as defendant's counsel and forward, in writing, the name and address of that attorney to the clerk of the court and to defendant.
>
> Nothing in this order is to be construed as providing for a right to the appointment of counsel in a post-conviction collateral proceeding, in any context other than the representation being provided for in this order, for the limited purpose of filing and litigating a motion for DNA testing pursuant to section 1405.

ECF No. 17, pgs. 8-10.

## II. DISCUSSION

In his unopposed motion to dismiss, Respondent argues Petitioner's sole claim for DNA evidence is unexhausted and not cognizable.

**A.** **Exhaustion**

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[1] The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997). Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989).

---

[1] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

As to exhaustion, Respondent contends:

> . . . Here, Petitioner presented no documentation demonstrating that he presented his claim to the California Supreme Court. Moreover, Respondent has been unable to confirm through his own research that a petition was ever filed. Therefore, the claim is subject to dismissal.

ECF No. 21, pg. 2.

To the extent Petitioner's claim is cognizable, it appears the claim is unexhausted. The Sacramento County Superior Court's January 24, 2020, order issued in Petitioner's underlying criminal case, and which Petitioner attaches to the amended petition, reflects that counsel has been appointed to litigate the DNA evidence issue in state court.  It also appears Petitioner has not yet proceeded beyond the Superior Court with his claim given his statement that he needs the DNA evidence "to fight my case in the higher courts."  ECF No. 17, pgs. 3.  Because, however, the Court has not been provided with any subsequent case history regarding Petitioner's efforts in state court, the Court cannot say with certainty that Petitioner's claim is unexhausted.  The Court, therefore, does not recommend dismissal of the amended petition on this basis.

**B.**     **Cognizability**

When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983").   Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011); Nettles v. Grounds, 788 F.3d 992

(9th Cir. 2015) (discussing loss of good-time credits).  Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

As to cognizability, Respondent argues:

> But even a claim that is unexhausted may be denied on the merits (but not granted) if it is not colorable. *See* 28 U.S.C. § 2254(b)(2) (authorizing district courts to deny relief on unexhausted claims); *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) (authorizing dismissal if petitioner does not present even a colorable claim). That is the case here. Essentially, Petitioner's complaint is that he was unable to conduct discovery. But Petitioner has no federal constitutional right to obtain discovery of the DNA test kit from his attorneys or the district attorney. In the absence of such a constitutional right, the claim must be dismissed. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."); *see also Pearson v. Lavalley*, 2012 WL 5205568, *18 (S.D.N.Y. Oct. 23, 2012) (recognizing "well-established rule that there is no federal constitutional right to post-conviction collateral relief, including discovery and specifically DNA testing, and therefore such claims are not cognizable on habeas review.") (citing *Murray v. Giarratano*, 492 U.S. 1, 10 (1989)).
>
> Attached to the amended federal petition is a copy of a California superior court order addressing Petitioner's request to obtain DNA testing pursuant to California Penal Code § 1405. To the extent that Petitioner's challenge is to his right to obtain DNA testing, including testing under California Penal Code § 1405, the claim is not cognizable. *Nettles v. Grounds*, 830 F.3d 992 (9th Cir. 2016). In *Nettles*, the court held that a 42 U.S.C. § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus. An attack on the fact or duration of confinement falls within the "core" of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487-89 (1973). Here, Petitioner is not attacking the fact or duration of his sentence, but the availability of discovery of a DNA test kit. Therefore, the claim is not cognizable in habeas corpus. *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Adhering to our opinion in *Dotson*, we hold that a postconviction claim for DNA testing is properly pursued in a § 1983 action. Success in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive. In no event will a judgment that simply orders DNA tests 'necessarily impl[y] the unlawfulness of the State's custody.'") (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)).

ECF No. 21, pgs. 2-3.

The Court agrees with Respondent that Petitioner's claim is not cognizable.  It is clear from the first amended petition that Petitioner seeks an order from this Court directing that he be provided with the rape kit test and DNA evidence.  In the first amended petition, Petitioner states: "This is the reason for this petition."  ECF No. 17, pg. 3.  In <u>Skinner</u>, the Supreme Court clearly held that such a claim is not properly pursued in a habeas corpus action because success on the claim

would not necessarily imply that Petitioner's custody is unlawful.  See Skinner, 562 U.S. at 525.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 21, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 17, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE